SARAH A. NORTON, Respondent, v. THE THIRD AVENUE RAILROAD
COMPANY, Appellant.

*Negligence — right of a passenger on a street car to alight at a point made dangerous
by an approaching truck — charge as to the credibility of witnesses and as to the
measure of damages.*

A passenger upon a street car who has signaled it to stop at a point at which she
intends to alight, but which is at that moment rendered dangerous by the
proximity of an approaching truck, is entitled to a reasonable time in which to
alight and to select a safe position in the street. She is not obliged to proceed
on the car to some other and safer point. If, therefore, the car is started while
she is in the act of alighting and she is thrown off and injured by the truck, she
cannot be held to have been guilty of contributory negligence as matter of law.

Where, on the trial of an action brought by the passenger against the railway
corporation, the judge, after instructing the jury to discriminate between
witnesses not only as to intelligence, but also as to capacity, adds: "Now, Mrs.
Norton (the plaintiff) appears to be a respectable lady — down to the witnesses
who are the officers of the road (the defendant)," the remark cannot be con-
strued as a statement that the plaintiff was telling the truth and the officers of
the defendant were not; nor is it necessary for the court, after charging the
jury that the plaintiff has a right to recover only compensatory damages,
to charge that she cannot recover vindictive damages or smart money.

APPEAL by the defendant, The Third Avenue Railroad Company,
from a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of New York on
the 10th day of April, 1897, upon the verdict of a jury, for $1,500,
and also from an order entered in said clerk's office on the 14th day
of April, 1897, denying the defendant's motion for a new trial made
upon the minutes.

*Nathan Ottinger,* for the appellant.

*Edward J. Dunphy,* for the respondent.

O'BRIEN, J.:

The plaintiff's story in substance was that she was a passenger
upon one of the defendant's cars, and desiring to alight at Pearl
street she gave notice of her intention; that the car stopped in
response to the signal, and that while she was attempting to alight
the car negligently and suddenly started, throwing her to the ground

in front of a then moving heavily-loaded truck, which passed over and crushed her. The defendant's version was that the plaintiff had completely alighted from the car when a truck came along in such close proximity as to frighten her and drive her against the car, and that, being wedged in between the car and the truck, she was struck by the latter, thrown down and injured.

The appellant insists that the verdict was against the weight of evidence, for the reason, as claimed, that the witnesses in support of the defendant's version were more credible than those produced by the plaintiff. All that need be said with respect to this contention is, that the plaintiff was supported in the main by the testimony of one Goldman, and although his testimony was considerably shaken upon cross-examination, yet upon the main points, as to his having been present and seen the accident, his evidence remains unimpaired; and while some inconsistencies appear between the description of the accident given by him and the plaintiff, he substantially supports the plaintiff's version. Although there were more witnesses in point of numbers in favor of the defendant, it was for the jury to determine the weight and credibility to be attached to their testimony, and that question was properly submitted to them.

If the plaintiff is to be believed — and the jury have so concluded — there was evidence from which they could infer that her injuries were the proximate result of the defendant's negligence, and were not entirely due to the negligence of the truck driver. Nor do we think that upon the facts it can be held, as matter of law, that the plaintiff was guilty of contributory negligence. Upon reaching her destination she had the right to give the signal to stop the car; and if, as is now claimed, the place which she selected to get off was made dangerous by the proximity of a truck, it was all the more reason for the defendant's affording her reasonable time to alight, and enabling her to select a safe position in the street where she would not run the risk of being run down by a truck. It cannot be concluded, because the place where she endeavored to alight happened to be dangerous from the fact that the truck was approaching in close proximity to the car, that, therefore, she was bound to know the exact position of the truck and to conclude that it was dangerous to alight, and that she was obliged to proceed on the car to some other point. As she testified, it was while she was in the

act of alighting, and before an opportunity had been afforded her of stepping on the street, that the conductor gave the signal to start the car, and she was thrown off and into a position where she received her injuries from the truck.

There are numerous exceptions urged against the validity of this judgment, based upon supposed errors in the judge's charge and upon rulings admitting and excluding evidence. As to the latter, it need only be said that they were harmless. With respect to the alleged errors in the charge, there are some of them with more merit; but even as to these, which we shall endeavor briefly to point out, there is not sufficient to justify a reversal. Thus the court's charge as to the degree of care which should be exercised by the defendant's employees, and their duty while a passenger is in the act of alighting, was correct, and if the defendant had desired any qualification of the charge by a statement as to "reasonable time to alight," that suggestion should have been made to the court at the time, and is not available now upon appeal under a general exception.

A like criticism is applicable to the exception taken to the court's charge that the "defendant is liable for injuries sustained by the plaintiff, if such injuries resulted from any negligent act or omission on the part of the defendant or its servants, and were in no manner caused or contributed to by the plaintiff." As we understand it, no fault is found with this as a correct proposition of law. But it is insisted that under it the jury were permitted to find negligence upon theories other than the alleged improper starting of the car. Undoubtedly the trial judge would have confined his instruction within the suggested limits if his attention had been called to the fact that it was too general. It is conceded that the burden placed upon the plaintiff of showing absence of contributory negligence was several times stated in the charge. But because, in stating the law in other portions of the charge, the court did not in each instance refer to the element of contributory negligence, it is urged that a general exception to the charge was sufficient. What we have already said disposes of such a contention.

Again, it is claimed that the court erred in the following statement: "And your power in this case, especially to discriminate between witnesses, not only as to intelligence, but capacity, is a thing of the utmost importance, judging the testimony of each person

from the circumstances that surround them. Now, Mrs. Norton appears to be a respectable lady — down to the witnesses who are the officers of the road." The error claimed is that the court in effect stated that the plaintiff was telling the truth and the defendant's witnesses were not. We do not think that the language is susceptible of that interpretation, the fair inference from it being that the court presented Mrs. Norton and the officers of the road as all respectable people, leaving it to the jury to discriminate between them as to which they would believe..

Upon the question of damages the law had been stated to the jury in different forms, and upon that subject we do not think they could have been misled. It would have been more satisfactory if the court had charged the whole of the defendant's 14th request, which was as follows : " If you should find a verdict for the plaintiff at all, you are to award only such damages as will compensate her for the injuries she has received, and you are not to give anything by way of example, vindictive damages or smart money." The court charged in the language of the request, except that it omitted the last sentence in regard to vindictive damages or smart money. As an abstract proposition it was a correct request and might very properly have been charged, but the omission referred to could have done no harm, for the reason that the first part of the request in plain language told the jury that the damages were to be limited to such as would be compensatory, and this was enforced by other portions of the charge in which the judge stated more than once that the amount which the plaintiff could receive was simply full compensatory damages for her injuries. There had been no claim asserted for punitive damages or smart money, and that subject had not been in any way referred to, nor was it within the issues of the case, and the court for that reason concluded that there was no propriety or advantage in placing such a question or subject before the jury just as they were about to retire. That the defendant was not injured by such refusal is evidenced by the amount of the verdict, which was moderate and into which we cannot see that the element of punitive damages or smart money entered.

We have concluded, upon an examination of this record, that we should not be justified in reversing the judgment for errors in rulings, or setting aside the verdict which, upon conflicting evidence, the

jury resolved in the plaintiff's favor. The judgment should, therefore, be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and MCLAUGHLIN, JJ., concurred.

Judgment affirmed, with costs.